# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Chaney, Frucci and Senior Judge Annunziata
Argued by videoconference


TRYVON ELGHA DAVIS

MEMORANDUM OPINION[*] BY
v.        Record No. 1538-23-4          JUDGE VERNIDA R. CHANEY
                                         JUNE 3, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Kimberly A. Irving, Judge

Taso R. Saunders for appellant.

Anna M. Hughes, Assistant Attorney General (Jason S. Miyares,
Attorney General; Collin Chayce Crookenden, Assistant Attorney
General, on brief), for appellee.


Tryvon Elgha Davis appeals the revocation of his probation, arguing that the circuit court

(1) exceeded its authority by sentencing him in excess of 14 days for his second technical violation

and (2) erred by applying sentencing guidelines that "improperly characterized [his] violation [of

probation] as a Special Condition Violation." The sentencing restrictions in Code § 19.2-306.1 do

not apply when a probationer violates a non-technical condition of their probation. Moreover,

sentencing guidelines are discretionary only and the circuit court did not abuse its discretion by

considering them. Finding no error, this Court affirms the circuit court's judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

Upon his *Alford*[2] guilty plea, the circuit court convicted Davis of pandering to a minor. Code § 18.2-355(4). The circuit court sentenced Davis to 15 years of imprisonment with 12 years and 9 months suspended. The circuit court placed him on probation for five years upon his release from confinement. The order, in part, provided:

> The defendant is to engage in [a] comprehensive sex offender treatment evaluation and program, facilitated by a certified sex offender treatment provider and approved by the Probation Officer.

Davis began supervised probation supervision on May 7, 2020. By major violation report (MVR) dated January 4, 2023, Jonathan Swinson, Davis's probation officer, alleged that he had violated several conditions of probation. Davis failed to: obey all federal, state, and local ordinances; report his arrests to his probation officer; report to his probation officer within three days of his release from incarceration; follow his probation officer's instructions; and refrain from the unlawful use or possession of drugs. Swinson filed an addendum to the MVR on January 9, 2023, specifying that Davis was sentenced to three years of incarceration, with two years and two months suspended, for his drug possession conviction in March 2022.

Davis stipulated to the violations at the April 13, 2023 revocation hearing. The circuit court found Davis in violation of his probation, sentenced him to time served in jail, and ordered him to continue his probation. Davis's supervision plan included that he "[c]omplete [the] Sex Offender Alternative Program (SOAP)." Davis's probation officer referred him to SOAP on April 14, 2023

---

[1] "In revocation appeals, the [circuit] court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

and imposed an enrollment deadline of May 4, 2023. His plan of supervision also required that he be "compliant with Global Positioning System (GPS) conditions."

Swinson issued another MVR on May 2, 2023. Davis had violated Sex Offender Special Condition 10 (comply with electronic monitoring) by repeatedly being late for his home curfew and having two "bracelet gone" violations, which occurred when he was more than 50 feet from his real-time communications (RTC) device. During the "bracelet gone" incidents, Swinson could not track Davis's movements or contact him on the RTC device. Despite the officer's efforts to maintain contact with Davis and facilitate his entry to SOAP, Davis failed to begin the program by Swinson's May 4, 2023 deadline.

In the MVR addenda dated June 30 and July 26, 2023, a probation officer reported that Davis had failed to attend a SOAP session and then lied to the officer about his attendance. Davis later took initiative concerning SOAP attendance but was unable to connect to the session remotely despite seeking the help of the probation office. He attended two SOAP sessions in July. The addenda reported 12 curfew violations. Since the April revocation hearing, there were three "bracelet gone" incidents where Davis's whereabouts were unknown.

At the August 4, 2023 revocation hearing, Davis stipulated to the violations as outlined in his probation officers' letters, and the circuit court found him in violation based on the stipulation. The circuit court made the probation officer's written submissions a part of the record.

As to sentencing, defense counsel argued that Davis was making progress with his probation compliance and attendance at SOAP; counsel further emphasized Davis's ongoing struggles with substance abuse. Counsel asked the trial court to continue the disposition of the matter to permit Davis to complete SOAP, which he had attended as recently as August 3, 2023. The Commonwealth maintained that "there are serious violations here on a serious charge" and that

"they should be dealt with accordingly." In allocution, Davis said he believed he was "on the right track" with positive "momentum" and asked for the chance to prove it.

When the circuit court asked, the probation officer confirmed that SOAP was the first step in sex offender treatment. The circuit court noted that it had "ordered him into sex offender probation" at sentencing for the underlying offense in 2018. The probation officer affirmed that Davis was referred for sex offender treatment when he began probation in May 2020, but he had "never gone." The circuit court noted the brief time separating the prior revocation and the May 2023 MVR. The circuit court revoked Davis's suspended sentence and resuspended all but one year, which, it noted, was at the low end of the sentencing guidelines.

After the circuit court pronounced the sentence, and in response to defense counsel's question about the nature of the violation, the court clarified that the violation was of special sex offender conditions, as indicated in the sentencing guidelines. The sentencing revocation report indicated that Davis violated Conditions 6 and 8 of his probation—both technical violations—as well as Condition 10 of the special conditions relating to sex offenders. The circuit court further remarked, "These guidelines were made a part of the record, I asked if anybody had any questions, there were no objections to it. You said he was guilty of the violation, he conceded the violation, I found him so." Davis then objected to the circuit court considering the guidelines and claimed that his violation regarding the sex offender conditions was a technical violation of the instruction of his probation officer. The circuit court rejected Davis's contention, observing that the objection came late, that the guidelines were made a part of the record without objection, and that he conceded the violation. The circuit court noted that before the current revocation proceeding, it had twice ordered Davis to sex offender treatment, and he did not take the requirement seriously, only recently beginning attendance in SOAP. This appeal followed.

ANALYSIS

Davis argues that the circuit court erred in imposing an active sentence of more than 14 days because the violations, as alleged in the MVR, were only technical violations. We disagree.

Subject to certain conditions not at issue here, "in any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "We have consistently held that the 'revocation of a suspended sentence lies in the discretion of the [circuit] court and that this discretion is quite broad.'" *Commonwealth v. Delaune*, 302 Va. 644, 658 (2023) (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)). "On an appeal of a probation revocation, the [circuit] court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)).

"Code § 19.2-306(A) has always provided the 'statutory authority for a circuit court to revoke a suspended sentence.'" *Id.* (quoting *Green*, 75 Va. App. at 77). "Code § 19.2-306(C) was 'amended and reenacted' to provide that '[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1.'" *Id.* (alteration in original) (quoting *Green*, 75 Va. App. at 78). "The newly enacted Code § 19.2-306.1 limits the period of active incarceration that a circuit court can impose for what the statute refers to as certain 'technical violations' enumerated under [Code § 19.2-306.1(A)]." *Id.* at 460-61 (quoting *Green*, 75 Va. App. at 78). "Whereas Code § 19.2-306(C) does not distinguish between types of violations, Code § 19.2-306.1 creates two tiers of probation violations: (1) technical violations, based on a probationer's failure to do one of ten enumerated

actions, and (2) non-technical violations." *Id.* at 466. "Non-technical violations include 'convict[ion] of a criminal offense that was committed after the date of the suspension' and 'violat[ion of] another condition other than (i) a technical violation [in subsection (A)] or (ii) a good conduct violation that did not result in a criminal conviction.'" *Thomas v. Commonwealth*, 77 Va. App. 613, 622 (2023) (alterations in original) (quoting Code § 19.2-306.1(B)).

Code § 19.2-306.1 limits active sentences for first and second technical violations, allowing for no term of incarceration upon a first technical violation and granting circuit courts discretion to impose, in some circumstances, up to 14 days of incarceration for a second. Code § 19.2-306.1(C). Under Code § 19.2-306.1(B), however, "the [circuit] court may revoke the suspension and impose or resuspend any or all of that period previously suspended" for a violation other than a technical violation or a good conduct violation that did not result in a criminal conviction.

Davis argues that the circuit court erred in finding that he violated a special probation condition imposed by the court.[3] He contends that his violations were technical and the circuit court exceeded its authority under Code § 19.2-306.1(C) in imposing an active one-year sentence. This Court's precedent shows that the SOAP and GPS requirements are, in fact, non-technical conditions of probation.

The fact that the GPS and SOAP requirements were specified by Davis's probation officer does not, in itself, convert those requirements into the technical instructions of his

---

[3] The Commonwealth asserts that Davis's claim is procedurally defaulted because he did not object to the MVR's classification of his violations, at least in part, as of sexual offender conditions. However, after the trial court imposed sentence, Davis objected that his violation was technical. The trial court disagreed and rejected Davis's further argument on the point. We find that this argument was sufficient to serve the "[t]he purpose of th[e] contemporaneous objection requirement [in Rule 5A:18]," which is "to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). We thus consider Davis's argument on the merits.

probation officer under Code § 19.2-306.1(A)(v).  In *Shifflett v. Commonwealth*, 81 Va. App. 277 (2024) (en banc), this Court held that "not every condition supervised by a probation officer" falls under the category of Code § 19.2-306.1(A)(v), requiring probationers to "'follow the instructions of [their] probation officer.'"  *Id.* at 291 (quoting Code § 19.2-306.1(A)(v)).  There, the defendant's sentencing order required him to "successfully complete any screening, assessment, testing, treatment and/or education as directed by the probation officer," and the defendant faced a violation of that court-ordered condition because he failed to "complete" sex offender counseling as ordered by his probation officer.  *Id.* at 285-86.  Another provision of the sentencing order required the defendant to attend counseling.  *Id.* at 285.  Pursuant to these provisions read together, this Court held the defendant's probation officer directed him to enroll in and complete sex offender counseling.  *Id.*  Therefore, this Court held, the completion requirement imposed by the probation officer constituted "the day-to-day administration and management" of the defendant's court-ordered non-technical condition of probation.  *Id.* at 296-97.  The fact that the circuit court *delegated* the ability to supervise or administer probation did not convert the non-technical condition into a technical one.  *See id.* at 298 ("Essentially, while the circuit court sets the terms and conditions of probation, probation officers enforce those terms and conditions and exercise discretion in doing so." (quoting *Fazili v. Commonwealth*, 71 Va. App. 239, 255 (2019))).

Similarly, here, the circuit court "set the bounds of [Davis's] condition and delegate[d] to the probation office the duty to set the parameters of th[at] condition[]."  *Id.* at 292 (third and fourth alterations in original) (quoting *Fazili*, 71 Va. App. at 254).  Davis's GPS and SOAP requirements were "parameters" set by his probation officer to ensure compliance with his court-ordered obligation to "engage in [a] comprehensive sex offender treatment evaluation and program, facilitated by a certified sex offender treatment provider and approved by the Probation

Officer." *Contra Watts v. Commonwealth*, 82 Va. App. 428, 449 (2024) (en banc) (explaining that the circuit court's order to "comply with all the rules and requirements set by the probation officer" cannot reasonably be read to order compliance with specific, probation-officer imposed, conditions prohibiting gang affiliation). The GPS and SOAP requirements are extensions of the circuit court's order to engage in sex offender treatment. The fact that Davis's probation officer "approved" or "supervised" the details of the conditions does not change the fact that sex offender treatment was ordered by the circuit court.

In *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 193 (2023), this Court found that "a sentencing court must engage in a four-step process to classify the basis of the revocation proceeding before determining what sentence it may impose." "First, the court must determine whether 'the violation conduct matches the conduct [specifically] listed in Code § 19.2-306.1(A).'" *Id.* at 193-94 (alteration in original) (quoting *Delaune v. Commonwealth*, 76 Va. App. 372, 383 (2023)). "If so, then the defendant has committed a technical violation and the sentencing limitations found in Code § 19.2-306.1(A) apply, regardless of whether the sentencing court included that conduct as 'another condition' of the defendant's suspended sentence." *Id.* at 194. "If the violation conduct does not match the conduct listed in Code § 19.2-306.1(A), the court must then determine whether 'another condition,' other than the generic good behavior condition of the defendant's suspended sentence covers the conduct." *Id.* "If so, then the court's sentencing authority is not restricted by Code § 19.2-306.1." *Id.* Third, "[i]f the defendant's sentencing order contained no other condition matching the violation conduct, then the court must determine whether the conduct resulted in a new criminal conviction." *Id.* "If so, then the court's sentencing authority is not restricted by Code § 19.2-306.1." *Id.* "Finally, if none of the above apply, then the court must determine whether the defendant has engaged in substantial misconduct amounting to a good conduct violation." *Id.*

Here, we only need to reach the second step in the *Diaz-Urrutia* analysis to classify Davis's probation violations. At least a part of Davis's conduct in violation of probation did not match any of the enumerated technical violations in Code § 19.2-306.1(A). Davis had repeated "bracelet gone" incidents and curfew violations. He also failed to attend SOAP as first ordered or by the deadline set by the probation officer. This conduct violated the sex offender special instructions and violated the trial court's express requirement in the sentencing order that he enroll and successfully complete sex offender treatment as directed by his probation officer. Therefore, upon finding Davis in violation, as he conceded, the circuit court's sentencing authority was not restricted by Code § 19.2-306.1(C), and the court had the discretion to "impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B). We thus reject Davis's argument that the circuit court imposed an unlawful active sentence for an alleged technical probation violation.

Davis also maintains that the circuit court erred by considering sentencing guidelines that characterized a portion of his conduct as a special condition violation rather than a technical violation. "It is well settled that we apply the abuse of discretion standard of review to a trial court's sentencing decision." *Khine v. Commonwealth*, 82 Va. App. 530, 558 (2024) (citing *Cellucci v. Commonwealth*, 77 Va. App. 36, 45 (2023) (en banc)). Probation violation guidelines, like standard sentencing guidelines, "are advisory only . . . ." *Runyon v. Commonwealth*, 29 Va. App. 573, 577 (1999). These discretionary guidelines "are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence . . . ." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). "Failure to follow the provisions of this section or failure to follow these provisions in the prescribed manner shall not be reviewable on appeal . . . ." Code § 19.2-306.2(D). Therefore, the circuit court did not err by considering them.

CONCLUSION

For the foregoing reasons, this Court affirms the circuit court's judgment.

*Affirmed.*